UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

|  |  |
|---|---|
| EXAMWORKS, INC., | : |
|  | : |
| Plaintiff(s) | : |
| vs. | : |
|  | : |
| JENNIFER SOLTYS, | : |
|  | : |
| Defendant(s) | : |

**COMPLAINT**

Civil Action No.:_____

Plaintiff, ExamWorks, Inc., by and through its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, as and for its Complaint against Defendant, hereby alleges and says:

1.      ExamWorks, Inc. ("ExamWorks") brings this action for a permanent injunction and damages in order to enforce and protect its rights and enforce defendant's obligations pursuant to the terms of her employment and the Non-Competition and Confidential Information Protection Agreement executed by defendant as a condition of her employment with ExamWorks (hereinafter collectively referred to as the "Agreement") (attached hereto and incorporated herein as Exhibit "A").

## THE PARTIES, JURISDICTION AND VENUE

2.      ExamWorks is a corporation properly formed under the laws of the State of Delaware with its principal place of business located at 3280 Peachtree Rd, Ste 2625, Atlanta GA.

3.      Jennifer Soltys is a citizen of the State of New York residing at 20 Judith Drive, Orchard Park, NY 14127.

1

1254720v.1

4.      This action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 based upon the diversity of citizenship of the parties and the amount in controversy exceeding $75,000.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the defendant resides within the Western District of New York and because the parties have expressly agreed that jurisdiction and venue is appropriate in this court for all disputes arising out of defendant's contract of employment with ExamWorks.

## FACTS COMMON TO ALL COUNTS

6.      ExamWorks operates throughout the United States (as well as in other countries) and is engaged in the business of arranging, facilitating selling or providing the following types of services (hereafter referred to as "ExamWorks' Business"):  independent medical reviews, peer reviews, utilization reviews, record reviews, film reviews, functional capacity evaluations, workers compensation medical reviews, disability reviews, independent review organizations, bill review, Medicare set-aside and compliance, case management, ex-ray, MRI and similar diagnostics, pharmacy review, pharmacy negotiation and pain management evaluations, medical expert retention, and related services.

7.      In this capacity, ExamWorks has many clients in a number of industries, including, but not limited to, the medical industry, legal industry, and insurance industry across all fifty states.

8.      ExamWorks employed Soltys from approximately October 31, 2015 through January 17, 2017.

9.      ExamWorks hired Soltys to serve as a National Director of Marketing and Operations.

2

1254720v.1

10. As per the Agreement, Soltys employment with ExamWorks was on an at-will basis.

11. As a pre-condition of Soltys' employment with ExamWorks, she was required to enter into the Agreement.

12. A copy of the Agreement was provided to Soltys on, or about, October 28, 2015 as an attachment to her offer-letter. *See* Exhibit "A."

13. Soltys did, in fact, execute the Agreement on October 30, 2015, prior to the commencement of her employment with ExamWorks. *Id.* at 12.

14. During her period of employment with ExamWorks, Soltys was a key employee in a senior position with access to confidential information and other valuable resources and assets of ExamWorks to which she would not have had access but for her employment.

15. The confidential information to which Soltys had access solely by virtue of her employment includes, but is not limited to, company business plans, operations, products, strategies, marketing, sales, inventions, designs, costs, legal strategies, finances, employees; the identities, composition and contact information of ExamWorks' panel physicians and contractors; company customers, prospective customers, customers' particularized preferences and needs, identity of key contacts, company licensees and licensors, and company revenue, rates and profit margin.

16. The Agreement executed by Soltys is intended to protect ExamWorks' legitimate interests in protecting its competitive advantage by preserving and protecting the confidentiality of information and business relationships to which Soltys was given access by virtue of her employment and/or for the development of which she was fairly compensated.

3

17.    By executing the Agreement, Soltys agreed to Non-Disclosure of Confidential Information, including but not limited to the information described above. *See Id.* at 8.

18.    Per the Agreement, Soltys also agreed that she would not solicit ExamWorks' customers following her separation from ExamWorks.  She specifically agreed that she would not engage in any conduct which could in any way jeopardize or disturb any of the company's customer relationships.  She also specifically agreed that for a period of two years after termination of her employment, regardless of the reason, she shall not, directly or indirectly, market, offer, sell or otherwise furnish any products or services similar to, or otherwise competitive with, those offered by ExamWorks to a "Restricted Customer" (as that term is defined in the Agreement).

19.    Per the Agreement, Soltys also agreed that she would not solicit ExamWorks' Employees and Consultants following her separation from ExamWorks.  She specifically agreed that during her employment with ExamWorks and for a period of two years after termination of her employment for any reason, she shall not directly or indirectly solicit, offer employment to, hire or otherwise retain the services of any employee of ExamWorks or any Restricted Consultant (as defined in the Agreement).

20.    Per the Agreement, Soltys also agreed that she would not compete with ExamWorks.  That is, she specifically agreed that for a period of two years after termination of employment with ExamWorks for any reason, she shall not directly or indirectly compete (as defined in the Agreement) with ExamWorks anywhere in the United States.

21.    The Agreement precludes Soltys from, among other things, having any interest in, working for, advising, consulting or providing any service for any entity engaged in the same or similar business as ExamWorks.

1254720v.1

22.     Soltys specifically acknowledged in the Agreement that her violation of any of its terms would irreparably harm ExamWorks.  She further acknowledged that in the event she violates or threatens to violate any of the covenants in the agreement, ExamWorks shall be entitled to an injunction restraining her from breaching the Agreement and to recover its reasonable attorneys' fees and costs incurred in obtaining any and all remedies.

23.     On or about January 18, 2017, ExamWorks learned that Soltys was planning to resign from ExamWorks at the end of the month and intended to start a new business in direct competition with ExamWorks.

24.     ExamWorks also learned at that time that Soltys had solicited an ExamWorks employee to join her in her endeavor in direct competition with ExamWorks.  Soltys solicited MaryJo Malczewski, who also intended to resign at the end of January to join Soltys in direct competition with ExamWorks.

25.     Upon information and belief, MaryJo Malczewski had taken steps to print, copy and steal information from ExamWorks in preparation her plan to resign along with Soltys and compete with ExamWorks.  On January 17, 2017, Malczewski was caught with printed screenshots from ExamWorks' computer system containing contact information for ExamWorks' physicians, fee schedules and physician CVs.  When confronted on January 18, 2017 concerning the scheme, Malczewski admitted that Soltys intended to start a new business, that Soltys had offered Malczewski a job in connection with the new business, which Malczewski accepted, and that Malczewski had printed screenshots of physician information from ExamWorks' computer system in connection with the new business at Soltys' direction.

26.     ExamWorks terminated Soltys on January 18, 2017 for cause, including, but not limited to, violations of the Agreement.

1254720v.1

27.    ExamWorks also terminated Malczewski for cause on January 18, 2017.

28.    On January 23, 2017, Soltys was observed visiting the offices of a law firm which is an ExamWorks client.

29.    On January 25 and 26, 2017, Soltys was directly observed meeting with ExamWorks' clients.

30.    On January 26, 2017, Soltys was also observed visiting the offices of a law firm which is an ExamWorks client.

31.    Upon information and belief, during these visits, Soltys engaged in unlawful solicitation of ExamWorks' clients in violation of the Agreement.

32.    Upon information and belief, Soltys has otherwise made defamatory statements about ExamWorks and its business operations to ExamWorks' clients and panel physicians and is otherwise engaged in solicitation of ExamWorks' clients both before and after termination of her employment.

33.    On January 19, 2017, the Assistant General Counsel for ExamWorks sent a letter to Soltys reminding her of the terms of the Agreement, demanding that she immediately cease and desist from activity in violation of the Agreement, demanding return of all ExamWorks' property in Soltys' possession, and advising that ExamWorks' would use all avenues available to it to enforce those agreements (the "First Demand Letter").

34.    Soltys did not and has not complied with the First Demand Letter.

35.    On January 24, 2017, therefore, ExamWorks' outside counsel sent another letter to Soltys again reminding her of the terms of the Agreement, demanding that she immediately cease and desist from activity in violation of the Agreement, demanding return of all

6

ExamWorks' property in Soltys' possession, and advising that ExamWorks' would use all avenues available to it to enforce the Agreement (the "Second Demand Letter").

36.     Soltys did not and has not complied with the Second Demand Letter.

37.     Upon information and belief, Soltys has continued and will continue to defame ExamWorks to its clients and panel physicians and others with whom ExamWorks has established and nurtured important business relationships, and she has continued and will continue to solicit clients, physicians and employees of ExamWorks all in violation of the Agreement.

## AS AND FOR  FIRST CLAIM

### (Breach of Contract)

38.     ExamWorks re-states, re-alleges and incorporates by reference all of the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

39.     The Agreement constitutes a valid and enforceable contract between Soltys and ExamWorks.

40.     Upon information and belief, Soltys had formed a business entity which engages, or will engage, in a Restricted Business as defined by the Agreement.

41.     Soltys has acted and continues to act in violation of her duties and obligations under the Agreement through her attempts to compete with ExamWorks in violation of the Agreement, constituting a breach.

42.     ExamWorks has been damaged and will be further damaged by Soltys' conduct in violation of the Agreement in an amount to be determined, but no less than One Million and 00/100 ($1,000,000.00) Dollars.

## AS AND FOR A SECOND CLAIM

1254720v.1

**(Breach of Contract)**

43.     ExamWorks re-states, re-alleges and incorporates by reference all of the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

44.     Solicitation of an employee by Soltys within two years of her termination from ExamWorks is prohibited by the Agreement.

45.     Soltys has enticed, or attempted to entice, MaryJo Malczewski and other ExamWorks employees to join her competing venture.

46.     Soltys has acted and continues to act in violation of her duties and obligations under the Agreement through her attempts to solicit ExamWorks employee(s) in violation of the Agreement.

47.     ExamWorks has been damaged and will be further damaged by Soltys' conduct in violation of the Agreement in an amount to be determined, but no less than One Million and 00/100 ($1,000,000.00) Dollars.

## AS AND FOR A THIRD CLAIM

**(Breach of Contract)**

48.     ExamWorks re-states, re-alleges and incorporates by reference all of the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

49.     The Agreement requires that a "prior to the Employee's last day of employment with the Company or at the Company's earlier request, conduct a diligent search of Employee's personal computers email accounts . . . as well as any files Employee maintains in hard copy, for Confidential Information Belonging to the Company.  Employee will return any such information or other materials belonging to the Company that Employee may have in Employee's possession, custody, or control, including without limitation memoranda, notes,

8

1254720v.1

records, reports, manuals, drawings, blueprints, and any other documents or materials belonging to the Company that are" in the employee's possession, custody, or control.  *See* Exhibit "A."

50.     Upon information and belief, prior to her termination by ExamWorks, Soltys did take information belonging to the company into her possession, and/or instructed MaryJo Malczewski to prepare documents for that purpose.

51.     Soltys has failed to return the information, documents, and materials within her possession, custody, and/or control to ExamWorks, in violation of the Agreement.

52.     ExamWorks has been damaged and will be further damaged by Soltys' conduct in violation of the Agreement, in an amount to be determined, but no less than One Million and 00/100 ($1,000,000.00) Dollars

## AS AND FOR A FOURTH CLAIM

### (Breach of Duty of Loyalty)

53.     ExamWorks re-states, re-alleges and incorporates by reference all of the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

54.     As an employee of ExamWorks, Soltys had a duty of loyalty to ExamWorks arising as a matter of contract and common law.

55.     Soltys breached her duty of loyalty to ExamWorks through the conduct described above.

56.     ExamWorks has been damaged by Soltys' breach of the duty of loyalty, in amount to be determined, but no less than One Million and 00/100 ($1,000,000.00) Dollars.

## AS AND FOR A FIFTH CLAIM

### (Defamation)

9

57.    ExamWorks re-states, re-alleges and incorporates by reference all of the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

58.    Upon information and belief, Soltys has made false statements about ExamWorks regarding the quality and performance of its services.

59.    Upon information and belief, Soltys' false statements were made to ExamWorks' business partner(s).

60.    Upon information and belief, Soltys knew, or should have known, that the statements were false at the time of their utterance.

61.    As a result thereof, ExamWorks has been damaged, in an amount to be determined, but no less than One Million and 00/100 ($1,000,000.00) Dollars.

## AS AND FOR A SIXTH CLAIM

### (Permanent Injunction)

62.    ExamWorks re-states, re-alleges and incorporates by reference all of the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

63.    Soltys' acts in competing with ExamWorks has caused and will continue to cause irreparable harm to ExamWorks, including the irreparable injury to and loss of competitive advantage, customer and vendor relationships, and panel physician relationships.

64.    Soltys' use of proprietary information to compete with ExamWorks  has caused and will continued to cause irreparable harm to ExamWorks, including the irreparable injury to, and loss of, competitive advantage, customer and vendor relationships, and panel physician relationships.

65.    Soltys' solicitation of customers, panel physicians, employees and others with whom ExamWorks enjoys productive business relationships has caused and will continued to

10

1254720v.1

cause irreparable harm to ExamWorks, including the loss of good will, reputation, customer relationships, talent, and other valuable business assets of ExamWorks.

66.     Soltys' utterance of derogatory and defamatory comments to customers, physicians, employees and others with whom ExamWorks enjoys productive business relationships has caused and will continued to cause irreparable harm to ExamWorks, including the loss of good will, reputation, customer relationships, talent, and other valuable business assets of ExamWorks.

67.     ExamWorks has no adequate remedy at law.

68.     Soltys should be permanently enjoined from taking further action that will cause, or magnify, injury to ExamWorks.

**WHEREFORE**, ExamWorks demands judgment against Soltys as follows:

a).     That Soltys be ordered to pay for all costs, attorneys fees, and damages incurred by ExamWorks on account of her breach of contract in an amount to be determined at trial, but not less than One Million and 00/100 ($1,000,000.00) Dollars;

b).     Granting the temporary and preliminary injunctive relief as requested below;

c).     That Soltys be ordered to return all of ExamWorks' property in her possession, custody and/or control;

d).     That Soltys be enjoined, for the period from the present through the date that is two years from the date of entry of judgment, from being employed by, otherwise working or having any business relationship with any competitor of ExamWorks or otherwise competing with ExamWorks with respect to ExamWorks' business or present or prospective customers;

11

1254720v.1

e).     That the Soltys, and all those acting in concert or participation with her, be enjoined from contacting, or doing any business with, any present or prospective customer of ExamWorks, utilizing any information confidential or proprietary to ExamWorks, and/or doing any business with any present or prospective vendor or contractor or ExamWorks, including but not limited to panel physicians;

f).     That the Soltys, and all those acting in concert or participation with her, be preliminarily and permanently enjoined from disclosing or utilizing any confidential or proprietary information and trade secrets of ExamWorks;

g).     That Soltys be required to identify anyone with whom she already has shared any confidential or proprietary information and trade secrets of ExamWorks;

h).     That an impartial monitoring system be implemented to insure that no further wrongful conduct, or confidential information disclosure or use by Soltys, will take place, which system is to include periodic certifications of compliance by Soltys;

i).     That Soltys account for all revenue and profits received by her or any entity with whom she is associated from any present or prospective customer of ExamWorks;

j).     That Soltys be compelled to return all compensation paid to her by ExamWorks, and expenses reimbursed by ExamWorks, for the period of her disloyalty and her violation of her contractual and common law duties to ExamWorks;

k).     Lost profits and compensatory damages;

l).     Punitive damages for defendants' intentional and tortious conduct; and

m).     Such other and further relief as the Court may deem just and proper.

12

1254720v.1

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, ExamWorks demands trial

by jury in this action of all issues so triable.

DATED: January 26, 2017
       Albany, New York

                        WILSON, ELSER, MOSKOWITZ,
                        EDELMAN & DICKER LLP


                        *s/Peter Lauricella*_____
                        Peter A. Lauricella,Esq.
                        Richard A. Burger, Esq.
                        *Attorneys for Plaintiff ExamWorks, Inc.*
                        18 Corporate Woods Boulevard, 3rd Floor
                        Albany, New York 12211
                        Telephone: (518) 449-8893
                        E-Mail: peter.lauricella@wilsonelser.com
                                    richard.burger@wilsonelser.com

1254720v.1