UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EXAM WORKS, INC.,

                        Plaintiff,

   -against-

                                                          Civ. Action No. 1:17-cv-00080-LJV

JENNIFER SOLTYS, an individual,

                        Defendant.

# REPLY MEMORANDUM OF LAW

## IN FURTHER SUPPORT OF PLAINTIFF EXAMWORKS, INC.'S MOTION TO DISMISS DEFENDANT'S COUNTER CLAIMS

                                                Robert P. Lesko
                                                Peter A. Lauricella
                                                Richard A. Burger
                                                WILSON, ELSER, MOSKOWITZ, EDELMAN &
                                                DICKER, LLP
                                                18 Corporate Woods Boulevard, 3rd Floor
                                                Albany, New York 12207-2996
                                                (518) 449-8893
                                                Robert.Lesko@wilsonelser.com
                                                Peter.Lauricella@wilsonelser.com
                                                Richard.Burger@wilsonelser.com

                                                *Attorneys for Plaintiff ExamWorks, Inc.*

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

SUMMARY OF FACTS ............................................................................................................. 1

ARGUMENT ................................................................................................................................ 2

    POINT I    EACH OF SOLTYS' PURPORTED BASES PROFFERED IN SUPPORT OF HER UNJUST ENRICHMENT CLAIMS IS DUPLICATIVE OF ANOTHER CLAIM, OR FAILS TO PLEAD AN ESSENTIAL ELEMENT, REQUIRING THEIR DISMISSAL. ................ 2

    POINT II    SOLTYS' FRAUD CLAIM REMAINS DEFICIENT BECAUSE IT IS BASED ON AN ALLEGED LEGAL DUTY AND REPRESENTATIONS THAT ARE BOTH SUBSUMED WITHIN THE PARTIES' EMPLOYMENT CONTRACT. ....................................... 5

    POINT III    SOLTYS' RESPONSE FAILS TO CURE THE DEFICIENCIES OF HER FOURTH COUNTERCLAIM FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE ....................................................................................... 7

    POINT IV    SOLTYS' FIFTH COUNTERCLAIM FOR DEFAMATION SHOULD BE DISMISSED AS SOLTYS DOES NOT IDENTIFY A SPECIFIC STATEMENT, WHEN, WHERE, OR TO WHOM IT WAS PUBLISHED ............................................................................... 8

    POINT V    SOLTYS' SIXTH COUNTERCLAIM FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED AS SHE FAILS TO PLEAD ESSENTIAL ELEMENTS OF THE CLAIM AND FAILS TO ADEQUATELY PLEAD ANY CLAIM FROM WHICH AN INJUNCTION COULD ISSUE ......................................................................................... 9

CONCLUSION ........................................................................................................................... 10

1269973v.8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*ABN AMRO Bank, N.V. v. MBIA Inc.*,
  81 A.D.3d 237 (N.Y. App. Div. 1st Dep't 2011)........................................................................ 4

*Anghel v. N.Y. State Dep't of Health*,
  947 F. Supp. 2d 284, 298 (E.D.N.Y. 2013), *aff'd,* 589 F. App'x 28 (2d Cir. 2015).................... 9

*Barnet v. Drawbridge Special Opportunities Fund LP*,
  No. 2014 U.S. Dist. LEXIS 124410 (S.D.N.Y. Sept. 5, 2014)...................................................... 3

*Colodney v. Continuum Health Partners, Inc.*,
  2004 U.S. Dist. LEXIS 6606 (S.D.N.Y. April 15, 2004) ............................................................ 7

*Corsello v. Verizon New York, Inc.*,
  18 N.Y.3d 777 (N.Y. 2012) ......................................................................................................... 4

*Davis v. Boeheim*,
  24 N.Y.3d 262, 268 (N.Y. 2014) ................................................................................................. 9

*Dorset Indus., Inc. v Unified Grocers, Inc.*,
  893 F. Supp. 2d 395 (E.D.N.Y. 2012) ........................................................................................ 5

*E. Amherst Plumbing, Inc. v. Thompson*,
  No. 12-CV-0195A, 2013 WL 5442263 (W.D.N.Y. Sept. 27, 2013) ...................................... 8, 9

*Georgia Malone & Co., Inc. v Rieder*,
  19 N.Y.3d 511 (N.Y. 2012) ......................................................................................................... 4

*Gorman v. Fowkes*,
  97 A.D.3d 726 N.Y.S.2d 96, 97 (N.Y. App. Div. 2d Dep't 2012) ............................................ 6

*Harris v. Provident Life & Accident Ins. Co.*,
  310 F.3d 73 (2d Cir.2002) ........................................................................................................... 5

*IDT Corp. v. Morgan Stanley Dean Witter & Co.*,
  12 N.Y.3d 132 (N.Y. 2009) ......................................................................................................... 3

*Knudsen v. Quebecor Printing (U.S.A.) Inc.*,
  792 F.Supp. 234 (S.D.N.Y. April 15, 1992) ............................................................................... 3

*McKernin v. Fanny Farmer CandyShops, Inc.*,
   176 A.D.2d 233 N.Y.S.2d 58, 59 (N.Y. App. Div. 2d Dep't 1991) ............................................. 6

*Newman & Schwartz v. Asplundh Tree Expert Co.*,
   102 F.3d 660 (2d Cir. 1996) ...................................................................................................... 2

*Papa's-June Music, Inc. v. McLean*,
   921 F. Supp. 1154 (S.D.N.Y. April 11, 1996) ........................................................................... 7

**Rules**

Federal Rules of Civil Procedure 8 ................................................................................................ 1

Federal Rules of Civil Procedure 9 ................................................................................................ 1

## PRELIMINARY STATEMENT

All of Soltys' Counterclaims should be dismissed because they either: (a) are precluded by or duplicative of Soltys' breach of contract claim; (b) fail to allege essential elements necessary to sustain a cause of action, or; (c) fail to meet the pleading standards prescribed in Federal Rules of Civil Procedure 8 and 9, thus depriving ExamWorks of fair notice of the claim and the factual basis sufficient to allow ExamWorks to investigate the claim and prepare its defenses. Soltys should not be given blanket authority to re-plead any of the deficient counterclaims because she has failed to articulate any proposed amendment that could save any of the claims. Rather, if she desires to amend her pleading, she should be required to submit the proposed amendment with an appropriate motion for leave to amend.

## SUMMARY OF FACTS[1]

The following facts are offered to clarify Soltys' mischaracterization of facts related to ExamWorks' claim for reimbursement from Soltys based on her violation of the Restricted Share Unit Agreement.

When ExamWorks hired Soltys it offered her restricted share units of ExamWorks stock, subject to certain terms. Answer ¶24, 12-17. Soltys accepted the terms of the equity award, and subsequently accepted the terms of her Award Release Agreement ("RSU Agreement") and an accelerated equity award in the amount of $365,150.19. *Id.* at ¶¶ 12-18. The RSU Agreement contained a "Claw Back Provision" entitling ExamWorks to the return of the shares and/or funds disbursed in the event of breach by Soltys. Answer ¶¶ 18-23. The Amended and Restated 2008

---

[1] All of the facts summarized herein have either been alleged or admitted by Soltys in her Answer With Counterclaims or are a matter of record of which the Court can and should take notice in connection with the disposition of this motion.

Stock Incentive Plan, which is incorporated into the RSU Agreement, provides that in the event of violation of the plan by an employee, ExamWorks would provide notice of the breach, and the offending employee would have ten days to return to ExamWorks the shares or cash received by her pursuant to the plan.  (Doc. 18-3 at 14(f)).  ExamWorks filed its initial Complaint in this matter on January 26, 2017. (Doc. 1).  ExamWorks provided written notice of the breach and demand for reimbursement to Soltys on February 14, 2017.  Answer ¶ 58.  Thus, ExamWorks could not have included the "clawback" claim "in the first instance" as suggested by Soltys in her opposition brief, because it had not even issued its demand for payment, let alone allowed Soltys ten days to comply.

## ARGUMENT

### POINT I

**EACH OF SOLTYS' PURPORTED BASES PROFFERED IN SUPPORT OF HER UNJUST ENRICHMENT CLAIMS IS DUPLICATIVE OF ANOTHER CLAIM, OR FAILS TO PLEAD AN ESSENTIAL ELEMENT, REQUIRING THEIR DISMISSAL.**

Unjust enrichment may be pleaded in the alternative to a contract claim action only if the existence of a contract between the parties is in issue. Here, each party alleges that they entered into a written agreement, which the other has breached.  Since there is no question that there is a contract, Soltys is precluded from maintaining a claim sounding in unjust enrichment.

Soltys relies on three cases in support of her argument that she should be permitted to plead unjust enrichment as an alternative to her breach of contract claim.  In each, the existence of an express agreement governing the parties' relationship was uncertain, and thus each is inapposite to the present matter.  *Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660 (2d Cir. 1996) (disputed as to whether defendant was signatory to agreement to guaranty

plaintiff's fees); *Knudsen v. Quebecor Printing (U.S.A.) Inc.,* 792 F.Supp. 234 (S.D.N.Y. April 15, 1992) (no express contract pleaded in the complaint; would need to be implied from defendant's compensation plan); *Barnet v. Drawbridge Special Opportunities Fund LP*, No. 2014 U.S. Dist. LEXIS 124410 (S.D.N.Y. Sept. 5, 2014) (no contract pleaded in the complaint).

In one of the two cases – on the very page to which Soltys directs the court in support of her argument – the Southern District of New York clearly noted the rule:

> [C]ourts generally dismiss claims for quantum meruit on the pleadings only when it is clear from the face of the complaint that there exists an express contract that clearly controls…. In contrast, when the existence of the contract is in dispute, a plaintiff may plead breach of contract and quantum meruit in the alternative.

*Knudson v. Quebecore Printing (USA) Inc.*, 792 F.Supp. 234, 237 (S.D.N.Y. 1992) (internal citations omitted). Soltys would have this court ignore this passage and the rationale on which it is based, which reconciles those decisions holding that unjust enrichment is an improper duplicative pleading with those decisions that would otherwise would be irreconcilably contrary.

Because Soltys' claims for her severance and unpaid expenses fall within the scope of her employment contract, she cannot plead unjust enrichment in the alternative. *See IDT Corp. v. Morgan Stanley Dean Witter & Co.,* 12 N.Y.3d 132, 142 (N.Y. 2009)("Where the parties executed a valid and enforceable written contract governing a particular subject matter, recovery on a theory of unjust enrichment for events arising out of that subject matter is ordinarily precluded.").

Nor is plaintiff's unjust enrichment claim properly predicated on her allegations of conduct unrelated to the employment agreement. First, with the possible exception of her broad allegation of non-specified defamatory statements, which itself fails as a matter of law, the

3

purported alternative predicates for unjust enrichment that she cites are not even incorporated into her unjust enrichment count. (*see* Counterclaim, "Facts Common to All Counts", which omits cited allegations). Second, and perhaps more importantly, unjust enrichment is based in quasi contract. *Georgia Malone & Co., Inc. v Rieder*, 19 N.Y.3d 511, 516 (N.Y. 2012) ("[T]he theory of unjust enrichment lies as a *quasi-contract* claim and contemplates an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties."). It does not provide a remedy for unspecified tort claims.

Even if unjust enrichment could be pleaded in the alternative here despite the existence of a contract as a threshold matter Soltys fails to plead the essential elements. First, a properly pleaded unjust enrichment claim "must allege that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Id.* (emphasis added). Soltys has not alleged any facts, independent of the contract claim, demonstrating (1) enrichment of ExamWorks, or (2) at Soltys' expense. *See Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 790 (N.Y. 2012) ("The basis of a claim for unjust enrichment is that the defendant has obtained a benefit which in 'equity and good conscience' should be paid to the plaintiff[.]"). A mere allegation that the defendant "hold[s] assets that, 'in equity and good conscience, should be returned to [the plaintiff]' …. is insufficient to allege an unjust enrichment claim." *ABN AMRO Bank, N.V. v. MBIA Inc.*, 81 A.D.3d 237, 246 (N.Y. App. Div. 1st Dep't 2011). Thus, she has failed to plead essential elements of the claim.

The court should also decline to afford Soltys blanket leave to amend her unjust enrichment count. She has not articulated any additional facts that she might include in such an

4

amendment that would cure the defects and support a claim for unjust enrichment. The court should assume, therefore, that there is none that Soltys could allege in good faith and that the amended pleading would be futile, leading the court and the parties right back to this place again.

## POINT II

**SOLTYS' FRAUD CLAIM REMAINS DEFICIENT BECAUSE IT IS BASED ON AN ALLEGED LEGAL DUTY AND REPRESENTATIONS THAT ARE BOTH SUBSUMED WITHIN THE PARTIES' EMPLOYMENT CONTRACT.**

The implied duty of good faith and fair dealing arising from the employment relationship between Soltys and ExamWorks is subsumed within their written employment contract. The duty, therefore, is not a legal duty separate from the duty to perform under a contract such that it can support a fraud claim independent of Soltys' contract claim. Similarly, the alleged misrepresentations by ExamWorks that Soltys now argues were collateral or extraneous to the contract relate directly to ExamWorks' alleged misrepresentations inducing Soltys to enter into the employment contract and ExamWorks' alleged pre-existing intent to not perform, which Soltys admits cannot form the basis of a fraud claim. Since these allegations are inextricably intertwined with the parties' employment contract, they cannot serve as the basis of an independent fraud claim.

Where there is an express contract between two parties, the implied duty of good faith and fair dealing flows from that contract. Thus, a breach of the implied duty of good faith and fair dealing is a breach of the underlying contract. *Dorset Indus., Inc. v Unified Grocers, Inc.*, 893 F. Supp. 2d 395, 405 (E.D.N.Y. 2012) ("Parties to an express contract are bound by an implied duty of good faith, but breach of that duty is merely a breach of the underlying contract.") *quoting Harris v. Provident Life & Accident Ins. Co.,* 310 F.3d 73, 80 (2d Cir.2002).

5

The duty of good faith and fair dealing alleged by Soltys flows from the employment contract between ExamWorks and Soltys.  Breach of the implied duty, therefore, is a breach of the underlying contract.  Those allegations are obviously not extrinsic to the contract, and they cannot be the basis for a fraud claim.  *Gorman v. Fowkes*, 97 A.D.3d 726, 727, 949 N.Y.S.2d 96, 97 (N.Y. App. Div. 2d Dep't 2012) ("A cause of action to recover damages for fraud will not lie where the only fraud claimed arises from the breach of a contract"); *McKernin v. Fanny Farmer CandyShops, Inc.,* 176 A.D.2d 233, 234, 574 N.Y.S.2d 58, 59 (N.Y. App. Div. 2d Dep't 1991) (where a fraud claim "is premised upon an alleged breach of contractual duties and the supporting allegations do not concern representations which are collateral or extraneous to the terms of the parties' agreement, a cause of action sounding in fraud does not lie").

      Nor has Soltys identified any fraudulent misrepresentations extraneous or collateral to the parties' contract that would support an independent fraud claim.  Curiously, Soltys seems first to admit that her allegations concerning ExamWorks' lack of intention to honor its obligations at the time it entered into the employment agreements cannot support a fraud claim.[2]  Yet, she proceeds to argue that her allegations of assurances by ExamWorks in connection with the agreements and its alleged contemporaneous knowledge that it would never honor those agreements supports an independent fraud claim.  (Opposition at p. 8).

      Soltys' opposition references her allegations in paragraphs 16, 17, 20-22 and 51 of her counterclaim.  But none of these paragraphs assert facts extrinsic or collateral to the contract.  They allege that ExamWorks sought to retain Soltys as an employee (16), ExamWorks made

---

[2] On page 7, Sotlys states: "Although a valid fraud claim may be premised on misrepresentations that were made before the formation of the contract and that induced the plaintiff to enter the contract, an assertion that defendants made intentionally false statements regarding their intent to fulfill the terms of the contract does not constitute a misrepresentation collateral or extraneous to a contract."

6

1269973v.8

statements to induce Soltys to stay (17), ExamWorks never intended to honor the employment agreement (20), ExamWorks knew it would never pay Soltys severance benefits or expense reimbursements (21) and would seek to claw back money paid for restricted share units (22), and ExamWorks knew the statements it made to induce Soltys to stay were false when made (51).  In other words, Soltys is alleging that ExamWorks' committed fraud when it allegedly breached the contracts between it and Soltys.

In the same case cited by Soltys in support of her arguments that her fraud claim is independent, the court found that representations by an employer concerning the intended length of employment (long-term stable position to coincide with 7-year outsourcing contract) and the existence of strategic and business plans made to induce acceptance of the agreement were not sufficiently collateral or extraneous to the terms of the underlying employment contract to support an independent fraud claim. *Colodney v. Continuum Health Partners, Inc.*, 2004 U.S. Dist. LEXIS 6606, \*30-31 (S.D.N.Y. April 15, 2004).  *Colodney* forecloses Soltys from pursuing her fraud claim, as does the holding in *Papa's-June Music, Inc. v. McLean*, 921 F. Supp. 1154, 1156 (S.D.N.Y. April 11, 1996), which was discussed at length in ExamWorks' moving brief and never addressed by Soltys.

## POINT III

**SOLTYS' RESPONSE FAILS TO CURE THE DEFICIENCIES OF HER FOURTH COUNTERCLAIM FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE.**

Soltys still has not presented any actual or proposed factual allegation to save her tortious interference claim.  "[T]o plead tortious interference with prospective economic relations, a plaintiff must allege that plaintiff would have entered into an economic relationship but for the

7

defendant's wrongful conduct, <u>and name the parties to any specific contract he would have obtained</u>." *E. Amherst Plumbing, Inc. v. Thompson*, No. 12-CV-0195A, 2013 WL 5442263, at *10 (W.D.N.Y. Sept. 27, 2013) (emphasis added) (brackets omitted). Soltys fails to plead the identity of any third-party with whom she had a relationship. Similarly, Soltys fails to identify any prospective employment relationship with which ExamWorks allegedly interfered. Nor does she provide even the scantest of detail so as to allow ExamWorks to ascertain what alleged behavior or actions form the basis of her accusations, rendering it impossible for it to investigate or defend the claim. Her vague reference to unidentified "relationships" is not enough to meet her pleading burden and sustain the cause of action. As Soltys has not pleaded sufficient factual information to raise the claim above the speculative level, the claim should be dismissed.

## POINT IV

**SOLTYS' FIFTH COUNTERCLAIM FOR DEFAMATION SHOULD BE DISMISSED AS SOLTYS DOES NOT IDENTIFY A SPECIFIC STATEMENT, WHEN, WHERE, OR TO WHOM IT WAS PUBLISHED.**

Soltys still has not presented any actual or proposed factual allegation to save her defamation claim. Although a party asserting a claim of defamation need not quote verbatim the alleged utterance, the claim fails where the party fails to provide even a suggestion of the defamatory words, and should be dismissed. Thus, a pleading fails to carry the initial pleading burden where,

> [i]t does not allege what the defamatory statements were and does not allege a publication . . . [lacks a] specific reference to whom the allegedly false statements were made . . . or by what means they were published . . . [and fails to] put forth any *nonconclusory* factual allegations regarding the publication of such defamatory statements to third parties[.]"

*E. Amherst Plumbing, Inc. v. Thompson*, No. 12-CV-0195A, 2013 WL 5442263, at *9.

8

1269973v.8

Soltys makes no allegation regarding specific content of the alleged false statements or to whom, when, or how they were published, including in the paragraphs that she references in her opposition.  *See* Counter Claims ¶¶10, 27-32.   In the absence of these elements, Soltys fails to meet her obligation under Rule 8. The paucity of information regarding the alleged statements is fatal to her claim, as it strips the Court of its ability to assess "whether the contested statements are reasonably susceptible of a defamatory connotation[,]" as required by New York State law. *Davis v. Boeheim*, 24 N.Y.3d 262, 268 (N.Y. 2014).  In light of these significant deficiencies, Soltys' Fifth Counterclaim should be dismissed.

### POINT V

### SOLTYS' SIXTH COUNTERCLAIM FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED AS SHE FAILS TO PLEAD ESSENTIAL ELEMENTS OF THE CLAIM AND FAILS TO ADEQUATELY PLEAD ANY CLAIM FROM WHICH AN INJUNCTION COULD ISSUE.

"[B]ecause an injunction is merely a remedy and not a cause of action, a cause of action must exist before injunctive relief may be granted." *Anghel v. N.Y. State Dep't of Health*, 947 F. Supp. 2d 284, 298 (E.D.N.Y. 2013), *aff'd,* 589 F. App'x 28 (2d Cir. 2015) (brackets and citation omitted).  Soltys has failed to so much as plausibly plead cause of action from which an injunction could issue.[3]

Soltys' response does not cure this defect.  Soltys asks the Court to enjoin ExamWorks from, "further defaming[4] her, and from further intimidating, harassing, annoying, and alarming her family."  While characterizing the behavior as "menacing" makes for excellent theater,

---

[3] The failings of each of Soltys' counterclaims to provide a basis for her counterclaim for preliminary injunction is fully enumerated in ExamWorks' Memorandum of Law in Support of its motion to dismiss.  (Doc. 25-1).

[4] Soltys' has failed to adequately plead her cause of action for defamation, for the reasons cited *supra* at Point IV above and ExamWorks' moving brief.

9

Soltys' characterization alone is insufficient to support a preliminary injunction. Soltys has not identified any incident of harassment, menacing, or stalking.

Soltys' injunction claim also fails for the additional and independent reason that she has failed to articulate any facts representing irreparable harm.

## CONCLUSION

For the foregoing reasons, this Court should grant ExamWorks' motion and enter a judgment dismissing Soltys' second, third, fourth, fifth, and sixth Counterclaims with prejudice.

Dated: July 27, 2017
Florham Park, New Jersey

Respectfully submitted,

*s/Robert P. Lesko*
Robert P. Lesko
Peter A. Lauricella
Richard A. Burger
**Wilson, Elser, Moskowitz, Edelman & Dicker, LLP**.
18 Corporate Woods Boulevard, 3rd Floor
Albany, New York 12211
T (518) 449-8893
F (518) 449-8927

200 Campus Drive
Florham Park, NJ  07932
T (973) 735-5779

Robert.Lesko@wilsonelser.com
Peter.Lauricella@wilsonelser.com
Richard.Burger@wilsonelser.com

*Attorneys for Plaintiff ExamWorks, Inc.*